**Joseph KEE, Jr., Petitioner,**

v.

**Donald B. PETERSON, Superintendent, Missouri State Hospital No. 1, Fulton, Missouri, Respondent.**

**No. 18292-4.**

United States District Court,
W. D. Missouri, W. D.

Sept. 28, 1970.

———◆———

Joseph Kee, Jr., pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City., Mo., for respondent.

MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a committed mental patient of the Missouri State Hospital No. 1 at Fulton, Missouri, has filed in forma pauperis a petition for writ of habeas corpus challenging his present confinement under the provisions of Missouri Revised Statute § 552.040, V.A.M.S. Leave to proceed in forma pauperis was granted by the Court in the order entered May 11, 1970.

The records and files submitted by the respondent indicate the following: that on July 19, 1967, petitioner was committed by the Circuit Court for

the City of St. Louis, Missouri to the Missouri State Hospital No. 1 for psychiatric examination after the filing of an information charging petitioner with robbery in the first degree; that, following that commitment, petitioner entered a plea of not guilty by reason of mental disease or defect to the pending charges; that shortly thereafter petitioner was again committed to the Missouri State Hospital No. 1 by the Circuit Court for the City of St. Louis under the provisions of Section 552.040 of the Missouri Revised Statutes; that in December of 1969 petitioner filed in that court a "Petition for Release" as provided by Section 552.040; and that, on January 27, 1970, following an evidentiary hearing, petitioner's application for release was denied. Petitioner now seeks federal habeas corpus relief in this Court with regard to his commitment and resultant confinement.

In support of his present application for federal habeas corpus relief, petitioner avers that "I feel that I'am sane now," and that "The Director of Biggs Bldg. is a D.O. and not qualified to diagnose anyone." Additionally, petitioner alleges that he did not appeal the order of commitment of the Circuit Court for the City of St. Louis because "I did not know I had a right to appeal." Petitioner does, however, allege that he appealed the denial of his petition for release to the Missouri Supreme Court and that his appeal was denied.

In response to the show cause order of July 28, 1970, respondent submitted his response along with various documents relating to state proceedings involving the petitioner. Respondent alleges that a search of the records of the Supreme Court of Missouri indicates that petitioner did not, in fact, appeal the denial of his petition for release to that court. Furthermore, it is respondent's contention that, under applicable Missouri statutory law, an appeal from that denial is not proper in the Missouri Supreme Court, but rather that such appeal lies in the St. Louis Court of Appeals. Respondent further avers that a search of the records of the St. Louis Court of Appeals also indicated that petitioner did not appeal the decision of the trial court.

In view of those representations, the Court directed petitioner to traverse the allegations of respondent. In addition to any other showing he desired to make, petitioner was directed to state specifically the date upon which he appealed the denial of his petition for release, the court to which he appealed that denial, the date upon which that denial was affirmed, and the grounds for such affirmance. Petitioner was also directed to submit a copy of the appellate court mandate, if one was available to him. However, the petitioner has not complied with that order, and the period in which he was to comply has long since passed.

 In the absence of exceptional circumstances, a person in state custody should exhaust all currently available state remedies before seeking relief by way of a petition for writ of federal habeas corpus in this Court. 28 U.S.C. § 2554; Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967). And, if petitioner has not exhausted his state remedies under Missouri Revised Statute § 552.040, V.A.M.S., his application in this Court for federal habeas corpus relief should be dismissed in favor of exhaustion of that remedy. Cyronne-De-Virgin v. State of Missouri, 341 F.2d 568 (8th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 151.

Although petitioner alleges that he feels that he has, at the present time, regained his sanity, he does not aver that the denial of his petition for release by the Circuit Court for the City of St. Louis was erroneous. Nor does petitioner allege that he was denied any federally-protected right regarding those proceedings or with regard to his present confinement. Rather, it is apparent from the record that petitioner contends that his current mental stability entitles him to immediate release. In this respect, petitioner

has, in fact, a presently adequate and available remedy in the state committing court under the provisions of Section 552.040 of the Missouri Revised Statutes, V.A.M.S. Under that statutory section, "[a]ny order denying the application [for release] shall be without prejudice to the filing of another application after one hundred and eighty days from the denial of the prior application." And, it affirmatively appears from the exhibits filed by the respondent and the allegations of the petitioner that more than one hundred and eighty days have elapsed since the denial of petitioner's original application for release by the Circuit Court for the City of St. Louis. Therefore, petitioner is entitled to file a successive petition for release in the committing court with regard to his contention of current sanity.

 To fully exhaust his presently available state remedies, petitioner should file a successive application for release in the Circuit Court for the City of St. Louis, Missouri, under the provisions of Section 552.040 of the Missouri Revised Statutes, V.A.M.S. And, following a denial of such application, petitioner should at least attempt to appeal any adverse decision of that court to the St. Louis Court of Appeals. Although the right to appeal from a denial of an application for release under Section 552.040 is not expressly provided for by that statutory provision, Section 512.020 of the Missouri Revised Statutes, V.A. M.S., provides that "any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal * * * from the final judgment in the case." Thus, in view of that statutory provision, an opportunity to rule upon the merits of petitioner's current contentions of sanity should be allowed to the Missouri appellate court having jurisdiction over the state proceedings involving the petitioner. See: Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970); Mayes v. Sigler, 428 F.2d 669

(8th Cir. 1970); Huffman v. State of Missouri, 313 F.Supp. 730 (W.D.Mo. 1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969). For, until petitioner has fully exhausted his available remedies under Section 552.040 of the Missouri Revised Statutes, V.A.M.S., as to his present contentions, his petition for habeas corpus relief in this Court is premature. Cyronne-DeVirgin v. State of Missouri, *supra.*

Accordingly, for the foregoing reasons, the petition for writ of habeas corpus is herely dismissed without prejudice.

It is so ordered.