Richard Frank **LINDNER**, Petitioner,

v.

Donald **PETERSON**, Superintendent, State Hospital No. 1, Fulton, Missouri, Respondent.

Civ. A. No. 18836–3.

United States District Court,
W. D. Missouri, W. D.

Jan. 19, 1971.

Richard Frank Lindner, pro se.

Kenneth Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, an inmate of State Hospital No. 1 in Fulton, Missouri, petitions this Court for a writ of federal habeas corpus, maintaining that his commitment to the state hospital was in violation of his federally protected rights to due process of law and a speedy jury trial. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has previously been granted.

Petitioner states that he was committed by the Circuit Court of the City of St. Louis to State Hospital No. 1 in Fulton on October 8, 1969; that the order of commitment specified that he was "not to be released until further order"; that he appealed the order of commitment to the Missouri Supreme Court, but "worded notice of appeal wrong"; that he has filed a "motion for discharge" in the committing court which was denied on December 2, 1969; that he has filed a "motion for trial by jury or discharge" in that court, which was denied on September 29, 1970; that he has filed a "motion for a writ of habeas corpus" in the committing court which was also denied on September 29, 1970; that he has filed a petition for habeas corpus in the Missouri Supreme Court, which was denied on January 12, 1970; that he filed a petition for habeas corpus in the United States District Court for the Eastern District of Missouri which was dismissed without prejudice on April 30, 1970; and that he has filed a prior petition for habeas corpus in this Court, which was dismissed without prejudice on May 27, 1970 (Lindner v. Peterson (W.D.Mo.) Civil Action No. 18836–3).

Petitioner states the following as grounds for his contention that his commitment is in violation of his federally protected rights:

"Petitioner is being held without jury trial."

Petitioner states the following as facts supporting the above contention:

"Petitioner is being held without jury trial in violation to the 14th Amendment to the Constitution of the United States of America and in violation to the due process clause of the Constitution of Missouri and in violation to the right to a speedy public trial by an impartial jury clause of the Constitution of Missouri. Petitioner has been so held for over 23 months."

Because, construing the petition liberally in favor of petitioner in accordance with the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, petitioner may have stated the denial of one or more of his federal rights and that he had exhausted his currently available state remedies, the show cause order was issued herein on December 9, 1970. Respondent's response was filed herein on December 30, 1970, with leave of court to file it out of time. Therein, respondent averred that "petitioner has not exhausted his remedies available in the state courts of Missouri" because "the records of the Clerk's office of the Supreme Court of Missouri do not indicate that the petitioner herein filed a Notice of Appeal from this order of commitment." In respect to the factual merit of the petition, respondent averred (and offered the judgment of the committing State court to show) that petitioner was on October 8, 1969, found not guilty of the charge against him under the provisions of Section 552.040 RSMo because of a mental defect or disease excluding responsibility and committed to Fulton State Hospital by the Circuit Court of the City of St. Louis; and that, therefore, petitioner has not been denied his constitutional right to a speedy trial.

■ The response did not state whether petitioner appealed from the denial of his motion for release in the committing court on September 29, 1970, although respondent explicitly admits the denial of the motion on that date and submitted a copy of the committing court's denial. The response further did not state whether or not it was true that petitioner's petition for habeas corpus was denied by the Missouri Supreme Court on January 12, 1970. And the response did not reply to petitioner's conclusory allegation that he was denied due process in being committed to the State hospital. But neither were the statements of petitioner in this regard specific enough to provide a basis for relief in federal habeas corpus, particularly since an offending of Missouri constitutional due process was alleged, rather than due process under the United States Constitution.

For the foregoing reasons, on January 4, 1971, this Court entered its order directing petitioner to file a traverse:

"* * * in which traverse petitioner admits or denies the averments of respondent's response, and each of them, and in addition (1) states whether he has appealed from the denial of his motion for release in the committing court on September 29, 1970; (2) states what reasons the Missouri Supreme Court gave for denying his petition for habeas corpus therein on January 12, 1970; and (3) states in what respects he was denied due process of law in being committed to Fulton State Hospital."

Petitioner's traverse was filed on January 14, 1971. Therein, petitioner pertinently stated as follows:

"That petitioner has not appealed the denial of his motion for release.

"That the Missouri Supreme Court denied petitioner's petition for a writ of habeas corpus for failure to state a claim on which relief could be granted.

"That petitioner was denied due process of law for the reason that he wasn't discharged after (4) four terms of court as provided by the Revised Statutes of Missouri."

■■ It is apparent from the foregoing that petitioner is contending that his commitment to the Missouri State Hospital in Fulton deprived him of due process of law under Missouri law in that it deprived him of a speedy trial by jury within two terms of court as set

down in Section 545.890 RSMo, which provides as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

It is doubtful whether petitioner states the denial of any federal right by this claim, without otherwise contesting the legality of his commitment under the provisions of Section 552.040 RSMo. In Holland v. Swenson (W.D.Mo.) 313 F. Supp. 565, affirmed (C.A. 8) 433 F.2d 909, this Court held that the above Missouri statute did not control the determination of whether, under federal standards, a state prisoner is brought to trial within a reasonable time. Further, petitioner does not contend that an unreasonable time elapsed between his initial imprisonment on the state charge and the finding of not guilty under Section 552.040, *supra*. Rather, he contends that the operation of Section 552.040 RSMo has deprived him of a speedy trial under Section 545.890 RSMo because it has resulted in his being committed to State Hospital No. 1 in Fulton for some 23 months. But, under federal standards, if other standards of due process are met, it is not a denial of constitutional due process to commit an unconvicted, accused person to a mental institution before trial. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Tienter v. Harris (W.D.Mo.) 222 F.Supp. 920, 921, and cases therein cited. Petitioner does not therefore state any claim in federal habeas corpus in the absence of any allegation that his commitment to Fulton State Hospital violated federal standards or that his retention there violates his federal rights. His commitment there under the provisions of Section 552.040 RSMo, though it may operate to deny him his state rights under Section 545.890 RSMo, does not, in itself, vitiate any current federal standard.

Further, petitioner has not exhausted his currently available state remedies. The right to a speedy trial or discharge in Missouri under the provisions of Section 545.890 RSMo may be made the subject of a petition for habeas corpus in the state courts. State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S. W.2d 932; Osborne v. Owsley, Mo.App., 259 S.W.2d 129. Petitioner states that he has filed a petition for habeas corpus in the Missouri Supreme Court which was denied on January 12, 1970, for failure to state a claim on which relief might be granted. It is well settled, however, that denial of a petition for habeas corpus in the Missouri Supreme Court for failure to state a claim on which relief might be granted does not constitute the exhaustion of state remedies. Cox v. Nash (W.D.Mo.) 226 F.Supp. 87; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. Such a denial, in the case at bar, may be for failure to set out the facts entitling petitioner to relief, for failure to file the petition for habeas corpus in the first instance in the Circuit Court of the County wherein charges are pending or petitioner is held in accordance with Rule 91.59, Mo.R.Civ.P., V.A.M.R. (then, in the event of an adverse decision there, to petition successively in the Missouri Supreme Court), or, conceivably, for failure to use the proper remedy. In view of the holding in Osborne v. Owsley, *supra*, that habeas corpus is available as a remedy for denial of the right to speedy trial only prior to trial, and the deeming of petitioner under Missouri law to have been found not guilty under the provisions of § 552.040, *supra*, petitioner's possible remedy may be by a petition for release in the committing court and appeal from the denial thereof to the appropriate appellate court. Petitioner states that he has appropriately filed a motion for release in the committing court, but clearly admits in his traverse that he has not appealed that denial.

Under those facts, his state remedies cannot be deemed exhausted. See Kee v. Peterson (W.D.Mo.) 317 F.Supp. 827. In Cyronne-DeVirgin v. State of Missouri (C.A. 8) 341 F.2d 568, cert. denied 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 151, it was held that a state prisoner committed under Section 552.040, *supra*, must exhaust his state remedies under that section before seeking relief in federal court respecting his commitment. The exhaustion process includes the exercise of the right of appeal. As was stated in Kee v. Peterson, *supra*, 317 F. Supp. at 829:

> "[F]ollowing a denial of such application [for release under § 552.040, *supra*], petitioner should at least attempt to appeal any adverse decision of that court to the St. Louis Court of Appeals. Although the right to appeal from a denial of an application for release under Section 552.040 is not expressly provided for by that statutory provision, Section 512.020 of the Missouri Revised Statutes, V.A.M.S., provides that 'any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal * * * from the final judgment in the case.' "

It is noted that the denial of petitioner's motion for release took place on September 29, 1970, and that his time for appeal has therefore ostensibly run out. But, under the provisions of Rule 82.07, Mo.R.Civ.P., petitioner may be granted leave by the St. Louis Court of Appeals to appeal out of time within six months of the entry of the denial of the motion for release. Petitioner should therefore make application under that order. If that application is denied, petitioner should file a successive motion for release under § 552.040 in the Circuit Court of St. Louis, citing all grounds for the termination of his commitment which he has, and then timely appeal any denial of the successive petition.

For the foregoing reasons, for failure of petitioner to state the denial of any federal right or the exhaustion of state remedies, it is

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.