510 P.2d 1056

**STATE of Arizona, Appellee,**

v.

**James Clayton WALLACE, Appellant.**

**No. 1 CA–CR 572.**

Court of Appeals of Arizona, Division 1, Department A.

June 12, 1973.

Gary K. Nelson, Atty. Gen., for appellee.

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, for appellant.

STEVENS, Judge.

James Clayton Wallace, the defendant-appellant, after a plea of guilty, was adjudged guilty and sentenced to a term of not less than four years and not more than five years. He appealed. The Public Defender, pursuant to Anders and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), filed a brief which disclosed that he had examined the record. He stated that he found no error. He urged the presence of one arguable issue which will be discussed hereinafter. The Public Defender filed his motion for leave to withdraw.

By an order dated 20 April 1973 the motion for leave to withdraw was taken under advisement. The order directed that the record be sent to the defendant. This was promptly done. The order granted to the defendant leave to file a supplemental brief and fixed a date therefor. Neither a brief nor a request for an extension of time was received from the defendant. The order extended the time for the answering brief of the State pending further order of the Court.

Upon the expiration of the time granted to the defendant for the filing of his supplemental brief, this Court undertook a review of the record. The review persuades this Court that the appeal is wholly frivolous and by this opinion the State is relieved of the obligation to file a brief.

The defendant was arrested on 19 April 1972, when, with a loaded pistol, he confronted a police officer. The complaint filed in the Justice Court charged the defendant with an assault with a deadly weapon or, in the alternative, with drawing

or exhibiting a gun in a threatening manner and not in necessary self-defense, an offense pursuant to A.R.S. § 13–916. After a preliminary hearing during which the defendant was represented by counsel, the defendant was bound over to the Superior Court for the A.R.S. § 13–916 offense. The evidence presented at the preliminary hearing fully supports the charge.

After the filing of the information which stated the same charge, and the initial plea of not guilty, the defense counsel sought an A.R.S. § 13–1621 mental examination. The order for the examination was entered and two qualified psychiatrists were appointed. The State Hospital rendered its report as did each of the doctors. The trial court's order of 27 July 1972, is, in part, as follows:

"Counsel for the parties having submitted the issue of the defendant's ability to assist counsel in his own defense and understanding of nature and charges on the basis of written reports received from Doctors Baker and Tuchler good cause appearing,

"The Court finds that the defendant does understand the nature of the charges against him and is able to assist counsel in his own defense."

It is the foregoing order which the Public Defender urges as the arguable issue. He questions the entry of the order without a formal evidentiary hearing and cites Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), as well as Moore v. United States, 464 F.2d 663 (9th Cir. 1972). We have read the reports which were submitted to the trial court. The above finding of the trial court is clearly sustained by the reports. A.R.S. § 13–1621, subsec. E requires a "hearing". This section further provides that "[t]he parties may, by stipulation, waive oral testimony at this hearing". In our opinion, based upon our collective experience as trial judges, this is a wise statutory provision and in the case before us there clearly was no error on the part of the trial judge.

We have reviewed the entry of the plea of guilty, wherein a factual basis was clearly established; the defendant's signed pretrial statement; and the questions and answers at this proceeding. All safeguards were met. Endorsed on the pretrial statement we find the following longhand notation by the Office of the County Attorney:

"We will dismiss CR–69434 against def. charging arson. We will also not oppose probation on this one although we will not recommend it."

This part of the plea bargain was kept and appears affirmatively in the trial court's record.

In pronouncing the sentence the trial court fixed the commencement thereof as of the date of the defendant's arrest.

Our search of the record for the presence of fundamental error reveals an absence thereof.

The judgment of guilt and the sentence are affirmed.

DONOFRIO, P. J., and OGG, J., concur.