**Edward Lee NEWBOLD, Petitioner,**

**v.**

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 73 C 386(4).**

United States District Court,
E. D. Missouri, E. D.

Jan. 18, 1974.

Edward Lee Newbold, pro se.

John C. Danforth, Atty. Gen., of Mo., Stephen D. Hoyne, Asst. Atty. Gen., of Mo., Jefferson City, Mo., for respondent.

### MEMORANDUM

NANGLE, District Judge.

Edward Lee Newbold, a Missouri state prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. He is presently incarcerated in the Missouri State Penitentiary pursuant to three orders of judgment and sentence imposed by the Circuit Court for Criminal Causes of the City of St. Louis, Missouri. Petitioner pleaded guilty to first degree murder, assault, and robbery; he was immediately sentenced to two terms of life imprisonment and one term of five years imprisonment, all concurrent.

As the sole ground for the instant petition Newbold alleges that he was deprived of due process of law in violation of the Fourteenth Amendment to the Constitution of the United States because the state trial court failed to conduct *sua sponte* a hearing on whether he was competent at the time of his guilty plea and sentencing, citing Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L. Ed.2d 815 (1966).

Petitioner filed a motion in the Circuit Court of the City of St. Louis pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. alleging *inter alia* (a) that he was mentally incompetent when he pleaded guilty and was sentenced; and (b) that he was not afforded a hearing and a judicial determination of his competence to stand trial prior to his guilty plea as required by Missouri law. These issues were ruled against petitioner by the Missouri Circuit Court after an evidentiary hearing held pursuant to Missouri Supreme Court Rule 27.26. The Missouri Supreme Court affirmed. Newbold v. State of Missouri, 492 S.W. 2d 809 (Mo.1973). The Court finds and concludes that petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254.

The facts relevant to petitioner's conviction are set out fully in the opinion of the Missouri Supreme Court, *supra*.

On May 21, 1969, petitioner entered his pleas of guilty in the state trial court. Regarding the issue of whether a competency hearing was required prior to his pleas and sentencing, the Rule 27.-26 trial court found as follows:

The record in this case will show that on or about April 24, 1968 a motion for appointment of a psychiatrist was filed, and on or about May 13, 1968 the State not opposing defendant's motion for such appointment, the motion was granted and defendant was committed to the Malcolm Bliss Mental Health Center for mental examination. On or about September 16, 1968 the Malcolm Bliss Mental Health Center filed a report and, following the filing of this report, the defendant was ordered transferred from the Malcolm Bliss Mental Health Center to the State Hospital at Fulton, Missouri for mental examination. On or about November 8, 1968 this defendant, having been examined at the State Hospital at Fulton, Missouri, was returned to the City of St. Louis and his cause was ordered placed upon the trial docket—it being the finding at the State Hospital that this defendant was mentally competent to stand trial. Thereafter, on or about Febru-

ary 18, 1969 defendant, not being satisfied with the report from the previous psychiatric examination, requested and filed a motion for the Court to appoint a physician or psychiatrist of defendant's own choosing for a mental examination at the cost of the State. This motion was sustained except that portion thereof which directed that the cost be paid by the State, which was overruled. Therefore, it appears to this Court that this defendant-movant was given a psychiatric examination and was found capable of standing trial and was further granted the opportunity to have an examination by anyone that he saw fit—yet the defendant-movant failed to avail himself of this opportunity. There was nothing before the trial judge at the time this defendant-movant pleaded guilty that would indicate that this man was suffering from any mental disease or deficiency that would render him incompetent to enter a plea of guilty. Therefore, in view of the above, it is the Opinion of this Court that the Trial Court properly accepted the movant's pleas of guilty. It is this Court's further opinion because of the foregoing that the Trial Court did not have to make a separate finding of mental competence because this was not an issue before the Trial Judge at the time the pleas were entered. (Resp. Exh. A, pp. 71–72).

The Missouri Supreme Court stated as follows:

The record further shows request for a second examination which was granted but, upon the court's unwillingness to provide for its payment, defendant declined to pursue it. It shows also that counsel took the Fulton report and consulted with two psychiatrists to determine whether to seek additional examination. The proceedings at the guilty pleas transpired without further mention of a desire for further examination or the presence of mental disease or defect; and, as stated by Judge Walsh, there was no issue of defendant's competency at the plea proceedings. Nothing in the record indicated incompetency of defendant when he was pleading, and no question was directed to the Fulton report. At the most, the record indicated only that he had some history of mental problems and an inability to detail the facts of his crimes. There is even positive evidence of his rationality in his question to the court for the meaning of imprisonment "for his natural life."

492 S.W.2d *at* 818.

With respect to the material facts, petitioner controverts only the respondent's argument that "[l]ikewise, the record showed that the request for a second examination which was granted by the court was not pursued by the petitioner". Petitioner argues that his second motion for an examination was overruled only as to the request that the state bear the cost. The record is clear that petitioner did not seek either another examination at a state institution or an examination by a psychiatrist of his own choosing at his own expense.

It appears to the Court that petitioner received a full and complete post-conviction evidentiary hearing in the state court on the issue presented here, that the state courts made adequate and reliable findings of the facts material to petitioner's claim, and that an evidentiary hearing in this Court is not required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The Supreme Court of the United States ruled in Pate v. Robinson, *supra,* that the evidence introduced on the defendant's behalf on the issue of his competency to stand trial entitled him to a hearing. The failure to grant the hearing was deemed a denial of his constitutional right to a fair trial. At trial there was presented uncontradicted evidence of a long history of disturbed behavior. The state introduced a stipulation that an examining doctor would, if present, testify that Robinson knew the nature of the charges against him and was able to cooperate with counsel when he examined him two or three months before trial.

In Jones v. Swenson, 469 F.2d 535, at 538 (8th Cir. 1972), the Court of Appeals stated that

[i]n order to obtain relief by means of federal habeas corpus, it is incumbent upon a state prisoner to demonstrate the deprivation of some constitutionally protected right during a state's criminal proceedings. Pate v. Robinson, supra, 383 U.S. 375, 86 S. Ct. 836, 15 L.Ed.2d 815, held that where there was uncontradicted evidence of pronounced irrational behavior on the part of a state defendant and where that evidence "raises a 'bona fide doubt' as to a defendant's competence to stand trial," the defendant must receive an adequate hearing on the issue of competence. This is the constitutional standard by which the proceedings in the present case must be measured. (footnote omitted.)

In the instant case during the plea and sentencing hearing the court advised petitioner of his rights and elicited indications that he understood them. The evidence of the three crimes was recounted by the prosecutor. Petitioner indicated that he had attended the equivalent to two years of college. At one point the following colloquy occurred:

The Court: What is your feeling about this case, Mr. Landau?

Mr. Landau [petitioner's appointed co-counsel]: Well, I talked to Mr. Newbold numerous occasions; I talked to his mother, too, not about this plea of guilty *because he does have a problem, a psychiatric problem,* and his mother recognizes this. Mr. Newbold recognizes this; Mr. Weber does, too. I have talked to him on many occasions, and it appears to me that the evidence that the State has is overwhelming and so that under the circumstances I did not, I asked Mr. Newbold as well, to make up his own mind—I couldn't make up his mind in this case as serious as this.

The Court: You feel that the evidence that the State has is—

Mr. Landau: Just overwhelming.

The Court: I read a psychiatric report and do you have that, Mr. Curran?

Mr. Curran [the prosecutor]: Yes, Your Honor, I do.

The Court: May we have that a minute?

Mr. Curran: If you'd like to have that I'd be very happy to give it to you.

The Court: It says that the accused has no mental disease or defect within the meaning of Section 552.-010, that the accused has the capacity to understand the proceedings against him and can assist in his own defense, accused did know and appreciate the nature, quality and wrongfulness of the offense with which he is charged. So they find that he's capable of assisting in his own defense and that he knew what he was doing.

Is there any legal reason to state at this time why sentence should not be passed?

Mr. Landau: None.

(Exh. E pp. 8–9).

This last question and defense counsel's answer were repeated prior to each of the sentence impositions.

The psychological examination was ordered pursuant to petitioner's motion filed March 22, 1968, which recited in part as follows:

Your movant [Julian D. Cosentino, attorney for petitioner] further states to this Court that he has reasonable cause to believe, on information supplied by members of the family of the defendant, and from his own observation of the defendant, does believe that defendant is suffering from some mental disease or defect so that he lacks capacity to understand the proceedings against him or assist in his own defense or did not know or appreciate the nature, quality or wrongful-

ness of his conduct or was incapable of conforming his conduct to the requirements of the law.

The December 11, 1968 report of petitioner's psychological examination, which was before the sentencing court, states in pertinent part as follows:

### III.  MENTAL STATUS

Orientation: He is oriented for time, place and person.

Memory: His memory appears to be unimpaired for both recent and remote events.

Speech & Mental Activity: He is coherent, alert, relevant and there are no delusions or hallucinations.

Mood & Affect: There is neither depression nor elation and his mood is appropriate to the situation.

Psychological Testing: Psychological tests indicate that he is functioning in the average range of intelligence and the tests failed to indicate the presence of an organic disorder or of a psychosis.

### VI.  DIAGNOSIS

Antisocial Personality.

\*      \*      \*      \*      \*      \*

### VIII.  FINDINGS

1) That the accused has no mental disease or defect within the meaning of Section 552.010.

2) That the accused has the capacity to understand the proceedings against him and can assist in his own defense.

3) That the accused did know and appreciate the nature, quality and wrongfulness of the offenses with which he is charged.

This Court secured a certified copy of the February 18, 1969 motion of petitioner for a second psychological examination by a physician or psychiatrist of petitioner's choosing at state expense. In this motion there are no facts recited which indicate the existence of irrational behavior by the petitioner. The motion was sustained with the exception that the Court would not tax the cost of the examination to the state.

The Rule 27.26 hearing transcript shows that Mr. Landau, after the trial court denied that part of the second motion for an examination which taxed the costs to the state, showed the examination reports to two psychiatrists. But no further action appears in the record. Mr. Keaney, another of petitioner's attorneys, stated that, after the second motion was sustained in part and denied in part, he discussed this ruling with petitioner. However, this Court notes that no objection to this ruling was voiced at the plea hearing. The sentencing judge indicated that there was nothing unusual about petitioner's behavior and nothing unusual about the way he answered the questions. The only knowledge the trial judge had regarding petitioner's mental condition was from information contained in the December 11, 1968 examination report. There was never a motion for a *competency hearing* filed.

Petitioner relies upon Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949 (1967). In *Green* the defendant had been committed to a mental institution following a prior insanity acquittal. After defendant's indictment in the subject case, a psychiatric examination resulted in a report that he was competent to stand trial, although mentally ill at the time of the alleged offenses. Defendant was tried and convicted. No objection to the competency report was made by defendant and other circumstances were presented to the trial court which rendered the competency report substantially suspect. The Court of Appeals affirmed Green's conviction ruling in part that a competency hearing was not constitutionally compelled.

The Eighth Circuit in *Jones, supra,* cited both *Green* and Moore v. United States, 464 F.2d 663 (9th Cir. 1972). In *Moore,* the defendant's attorney objected to inconsistent findings in the psychiatrist's report. The report described a history of radically abnormal behavior, but nevertheless concluded that the defendant was presently sane and able to understand the proceedings and to assist

in his defense. Other lengthy psychiatric reports describing abnormal behavior were filed with the trial court. The Court of Appeals stated that "[u]nder the rule of Pate . . . a due process evidentiary hearing is constitutionally compelled at any time that there is 'substantial evidence' that the defendant may be mentally incompetent to stand trial". 464 F.2d *at* 666. The Court concluded that the reports on file constituted substantial evidence casting a reasonable doubt upon the defendant's competency to stand trial as a matter of law. *Id.*

This Court is of the opinion that the second motion of the defendant for a psychiatric examination was an inadequate basis for the state sentencing court to hold the competency report suspect. This is particularly true when this second motion is juxtaposed with the subsequent action of the defendant's attorneys in showing the report to two other psychiatrists and thereafter voicing no objections to the report during the plea hearing. The Court is further of the opinion that the record before the state trial court, regarding petitioner's competency to stand trial, was inadequate to constitutionally compel a competency hearing. The action will be dismissed.