**Edna Lee EVANS, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 73 C 749(4).**

United States District Court,
E. D. Missouri, E. D.

Feb. 12, 1974.

Edna Lee Evans, pro se.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

NANGLE, District Judge.

Edna Lee Evans, a Missouri state prisoner, filed *in forma pauperis* a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 2241 et seq. By order of October 31, 1973, the action was transferred to this Court. Petitioner has moved this Court for the appointment of counsel.

Petitioner is presently incarcerated pursuant to the October 28, 1968 sentence of life imprisonment imposed by the Circuit Court of Butler County, Missouri. Petitioner's conviction was founded upon his plea of guilty to first degree murder.

■ Petitioner states three grounds in support of his allegation of unlawful incarceration. He alleges

(1) that [he] was deprived of due process of law in violation of the 14th Amendment to the Constitution of the United States for the reason that the Court, in being aware of petitioner's past mental problems, failed to conduct a competency hearing to determine the petitioner's ability to stand trial;

(2) that [he] was deprived of due process and equal protection of law in violation of the 14th Amendment . . . for the reason that his plea of guilty was not intelligently made because he was incompetent at the time that such plea was entered; and

(3) that [he] was deprived of due process of law in violation of the 14th Amendment . . . in that he was represented by ineffective assistance of counsel because counsel refused to plead petitioner under the insanity laws.

Grounds Nos. 1 and 2 were alleged, *inter alia,* in support of petitioner's February 11, 1969 motion, as amended, to vacate, set aside or correct the October 28, 1968 state conviction and sentence, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. This motion was denied after an evidentiary hearing by the Circuit Court of Butler County, Missouri. The Missouri Supreme Court affirmed. Evans v. State of Missouri, 467 S.W.2d 920 (Mo.1971). Ground No. 3 was raised, *inter alia,* in a second Rule 27.26 motion which was denied on January 29, 1973, without a hearing by the Circuit Court of Butler County, Missouri. However, no appeal was taken from this denial. This Court finds and concludes, from the record before it, that petitioner has exhausted his available state remedies, pursuant to 28 U.S.C. § 2254(b), as to grounds Nos. 1 and 2. However, the Court finds that factual and legal issues presented by ground No. 3 have not been presented to the Missouri appellate courts. Barring exceptional circumstances, not apparent herein, petitioner must present these issues before the Missouri appellate courts. Lindner v. Peterson, 324 F.Supp. 1261 (W.D.Mo. 1971). It appears to the Court that petitioner can file either another Rule 27.-26 motion[1] or a petition for a writ of habeas corpus in the Missouri courts. Therefore, the Court will consider grounds Nos. 1 and 2 on their merits, but will dismiss ground No. 3 for failure to exhaust available state remedies. *See,* Tyler v. Swenson, 483 F.2d 611 (8th Cir. 1973).

■ Petitioner has not controverted the facts, as found by the Rule 27.26 trial court, that are material to grounds Nos. 1 and 2. It appears to the Court that petitioner received a full and complete post-conviction evidentiary hearing in the state court on the issues presented here, that the state courts made adequate and reliable findings of the facts material to petitioner's claims, and that an evidentiary hearing in this Court is not required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On May 12, 1970 the Circuit Court of Butler County, Missouri, found the following facts with regard to petitioner's February 11, 1969 Rule 27.26 motion:

1. That the defendant made a voluntary statement in which he admitting (sic) the killing to a friend who was not connected with law enforcement in

---

1. Missouri Supreme Court Rule 27.26(d) states as follows:

(d) *Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application *or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule.* The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion. (emphasis added.)

any way almost immediately after the defendant shot the persons.

2. Immediately upon defendant's arrest the following occurred: Mr. Evans you are under arrest for investigation of murder. You have the right to remain silent. Anything you say will be used against you in court. You have the right to an attorney if you wish one and if you can't afford one one will be appointed for you at the proper time. . . . Do you want to make a statement to me or would you rather talk to an attorney? Following the statement by the officer, defendant-movant said: I have nothing to hide. I want to see a doctor at Farmington. I killed them.

3. A preliminary hearing was held at which movant was represented by court appointed counsel.

4. On May 14, 1968 defendant was formally arraigned and he stated that he understood the charge as read to him by the court.

5. Movant entered a plea of not guilty by his attorney, who asked leave to file certain motions.

6. Transcript of preliminary hearing filed in Circuit Court on May 2[8], 1968, at which time the court sustained defendant's motion for mental examination.

7. On September 3, 1968, movant asked the court to appoint another attorney to represent him. The reason seemed to be: "Well, I want a lawyer that thinks we have a case, not one that is trying to cop out." After inquiry by the court the request was denied.

8. Continuance granted from Sept. 5, 1968 to 1st day of October Term, 1968 so that witnesses could be located for defendant.

9. Medicial (sic) certificate, dated August 28, 1968, made pursuant to court order filed in the Circuit Court on Sept. 4, 1968, signed by Drs. Jack C. Cotton and Elmer C. Jackson, State Hospital No. 1, Fulton, Missouri, containing some 4 or 5 pages with the following findings: 1. That the accused has no mental disease or defect within the meaning of Section 552.-010; 2. That the accused has the capacity to understand the proceedings against him and can assist in his own defense; 3. That the accused did know and appreciate the nature, quality and wrongfulness of the offense with which he is charged.

10. Afterwards and on October 7, 1968 the case was set for trial on November 14, 1968.

11. On October 28, 1968 the movant again appeared in court with counsel and the information was again read to him by the court who asked movant if he understood the charge. Movant answered, Yes, sir. Upon then being asked how he plead (sic), movant answered: Guilty. The court then inquired if prior to the entering of the plea if the defendant and his attorney had discussed such motion and was informed that it had been discussed prior to coming into court that morning.

12. The prosecuting attorney made a factual statement at the request of the court and introduced the preliminary hearing transcript in evidence which covered some 40 pages.

13. The court then inquired of the defendant if he heard the factual statement made by the prosecuting attorney, who answered Yes, sir. The Court then inquired of the defendant: "Is what the prosecuting attorney stated substantially true as to what happened on this occasion?" The defendant-movant answered: "Yes, sir." The court then inquired further of the defendant if he understood the charge and defendant answered yes, sir. Defendant was then asked by the court if he understood that the punishment for that crime was either death or life sentence and the defendant answered that he so understood and further that he was informed that the prosecuting attorney was going to recommend a life sentence. Defendant was thereupon formally sentenced to life imprison-

ment, after which the other first degree murder charge was dismissed.

14. The trial court had before him the report of mental examination of the movant, which was made a part of the record without objection and from it could and did determine that the movant was mentally competent to enter a plea of guilty.

15. The plea of guilty was voluntarily and understandably made by movant in the presence of his attorney.

16. The movant was mentally competent to enter a plea of guilty on the date that the plea was entered.

17. The trial Court properly denied movant's request that other counsel be appointed in lieu of court appointed counsel.

18. There was no credible evidence that the attorneys appointed to represent movant were not competent or that their representation was in any way inadequate.

19. The defendant-movant was fully advised of his Constitutional rights before being questioned by officers.

20. There was no evidence that the defendant-movant was ever "forced" to sign certain legal papers; nor was there any evidence that defendant-movant did not have a preliminary hearing as alleged in his motion.

(Exh. B, pp. 62–65.)

## GROUND NO. 1

Ground No. 1 is governed by the teaching of the Supreme Court of the United States in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and its progeny. This Court recently discussed the holding in *Pate* thus:

The Supreme Court of the United States ruled in Pate v. Robinson, *supra*, that the evidence introduced on the defendant's behalf on the issue of his competency to stand trial entitled him to a hearing. The failure to grant the hearing was deemed a denial of his constitutional right to a fair

trial. At trial there was presented uncontradicted evidence of a long history of disturbed behavior. The state introduced a stipulation that an examining doctor would, if present, testify that Robinson knew the nature of the charges against him and was able to cooperate with counsel when he examined him two or three months before trial.

In Jones v. Swenson, 469 F.2d 535, at 538 (8th Cir. 1972), our Court of Appeals stated that

[i]n order to obtain relief by means of federal habeas corpus, it is incumbent upon a state prisoner to demonstrate the deprivation of some constitutionally protected right during a state's criminal proceedings. Pate v. Robinson, supra, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, held that where there was uncontradicted evidence of pronounced irrational behavior on the part of a state defendant and where that evidence "raises a 'bona fide doubt' as to a defendant's competence to stand trial", the defendant must receive an adequate hearing on the issue of competence. This is the constitutional standard by which the proceedings in the present case must be measured. (footnote omitted.)

Newbold v. Swenson, 371 F.Supp. 118 at pp. 120, 121 (E.D.Mo. filed January 18, 1974).

In the May 28, 1969 motion for a mental examination an attorney for petitioner Evans stated that he and his court-appointed co-counsel believed

that the Defendant has a mental disease or defect and base their belief upon the abnormal behavior of the Defendant which they have personally observed and also upon the fact that Defendant has a history of mental illness.

(Exh. A, p. 11.)

The mental examination report filed in response to the state court order discussed petitioner's history of abnormal

behavior but concluded, generally, that he was competent to stand trial.

The Rule 27.26 hearing transcript shows that Mr. Henson, Jr., co-counsel for petitioner, prior to petitioner's guilty plea spoke with the doctors who examined him. They told him that their testimony would not aid petitioner in proving his alleged incompetency. (Exh. B, p. 51.) Also, defense counsel believed that petitioner was competent when he pled guilty and was sentenced. (Exh. B, p. 58.) No objection to the previously filed psychological examination report was made at the plea hearing by petitioner or by counsel. No motion for a competency *hearing* was ever filed.

In Green v. United States, 128 U.S. App.D.C. 408, 389 F.2d 949 (1967), the defendant had been committed to a mental institution following a prior insanity acquittal. After defendant's indictment a psychiatric examination resulted in a report that he was competent to stand trial, although mentally ill at the time of the offenses. Defendant was tried and convicted. No objection to the competency report was made by defendant and no other circumstances were presented to the trial court which rendered the competency report substantially suspect. The Court of Appeals affirmed Green's conviction ruling in part that a competency hearing was not constitutionally compelled.

This Court is of the opinion that the record before the state sentencing court, regarding petitioner Evans' competency to plead guilty, was inadequate to constitutionally compel a competency hearing. The Court will dismiss Ground No. 1.

## GROUND NO. 2

The Court finds that the Rule 27.26 evidentiary record supports the findings of the state court with regard to petitioner's claim that his pleas of guilty were not intelligently made. That Court found the pleas to have been voluntarily and understandably made. This Court will dismiss Ground No. 2.

Petitioner's motion for appointment of counsel will be denied as moot.