FILED

APR 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-30011 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00045-JLQ-3 |
| v. | |
| **LUIS ALBERTO MARTINEZ FRANCO, AKA Jose Luis Galicias-Camacho, AKA Luis,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Submitted April 10, 2014[**]
Seattle, Washington

Before: **KOZINSKI**, Chief Judge, **RAWLINSON** and **BEA**, Circuit Judges.

While Franco's conduct at his sentencing hearing was perhaps strange,

"unusual behavior alone [is] insufficient to create a genuine doubt as to his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

competency." United States v. Dreyer, 705 F.3d 951, 963 (9th Cir. 2013). As the trial judge—who'd monitored Franco's conduct over the course of eight months and two trials—noted, Franco's behavior at the hearing was more likely indicative of recalcitrance than a failure to understand the proceedings. This finding is particularly rational given the complete lack of medical evidence suggesting Franco's incompetence, and the fact that "[d]efense counsel ha[d] not . . . raised the issue of Defendant's competency prior to the concluding portion of the sentencing proceeding." Under these circumstances, Franco's strange remarks and behavior at sentencing are best understood as a "reasoned choice," id., and don't constitute "substantial evidence casting doubt upon his competency." Moore v. United States, 464 F.2d 663, 666 (9th Cir. 1972) (per curiam).

**AFFIRMED.**