NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KALAMICE K. PIGGEE,

               Petitioner-Appellant,

v.

WILLIAM MUNIZ, Warden,

               Respondent-Appellee.

No.   22-55770

D.C. No.
2:17-cv-07384-FLA-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted February 6, 2024
Pasadena, California

Before:  OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Kalamice Piggee, a state criminal defendant, appeals the district court's denial

of his habeas corpus petition.  Piggee alleges that his federal due process rights were

violated when, after a prior determination that Piggee had been restored to

competence to stand trial, the state trial court did not grant Piggee's subsequent

request for a competency hearing.  We have jurisdiction under 28 U.S.C. § 1291 and

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 2253(c). We review a district court's denial of habeas corpus relief de novo and its factual findings for clear error. *Carrera v. Ayers*, 699 F.3d 1104, 1106 (9th Cir. 2012) (en banc). On habeas review, we review the state court's "last reasoned decision." *Dyer v. Hornbeck*, 706 F.3d 1134, 1147 (9th Cir. 2013) (citation omitted).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court can grant a habeas petition under two circumstances: first, if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or second, if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Neither occurred.

1. The California Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established law. 28 U.S.C. § 2254(d)(1). Only Supreme Court precedent can be used to establish "clearly established law." *Id. Pate v. Robinson*, 383 U.S. 375 (1966), established that a competency hearing is required "[w]here evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial …." *Id.* at 385 (citation omitted). We have interpreted this guidance to require a competency hearing "at any time" substantial evidence puts the defendant's competence in doubt. *de Kaplany v. Enomoto*, 540 F.2d 975, 980 (9th

2

Cir. 1976) (en banc) (quoting *Moore v. United States*, 464 F.2d 663, 666 (9th Cir. 1972) (per curiam)).

Piggee argues that the California Court of Appeal imposed two requirements contrary to clearly established law. First, he claims it applied *People v. Jones*, 811 P.2d 757 (Cal. 1991), in a manner inconsistent with *Pate* by creating a requirement that an expert submit a report about competency before a trial court can declare a doubt as to competency. But Piggee did not raise this argument in his petition nor before the district court. So this argument is forfeited. *See Majoy v. Roe*, 296 F.3d 770, 777 n.3 (9th Cir. 2002).

Second, Piggee claims the California Court of Appeal violated clearly established law by placing the burden on Piggee to show incompetence, contrary to *Drope v. Missouri*, 420 U.S. 162 (1975). Under *Drope*, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Id.* at 181. And under *Pate*, "[w]here the evidence before the trial court raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on his own motion must conduct a competency hearing." *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010) (quoting *Pate*, 383 U.S. at 385). But the Court of Appeal's holding that Piggee failed to establish a bona fide doubt as to his incompetence did not relieve the trial court of its burden to remain "alert to circumstances suggesting a change that would render

3

the accused unable to meet the standards of competence to stand trial," *Drope*, 420 U.S. at 181, because the only evidence presented to the trial court in September 2014 came from Piggee's counsel due to Piggee's absence from court. So the decision was not "contrary to" Supreme Court precedent.

2. The California Court of Appeal's denial of Piggee's due process claim was not an unreasonable determination of the facts under § 2254(d)(2) nor an unreasonable application of clearly established law under § 2254(d)(1). *See Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (explaining "the same standard of unreasonableness under § 2254(d)(1) applies under § 2254(d)(2)"). To be competent to stand trial, a defendant must "have (1) a rational as well as factual understanding of the proceedings against him, and (2) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011).

The central question is whether a "bona fide doubt" existed as to Piggee's competence when Piggee's counsel asserted a doubt as to his competency in September 2014. *See Pate*, 383 U.S. at 385 (citation omitted). To show a "bona fide doubt," a defendant must show "substantial evidence" of incompetence. *Davis v. Woodford*, 384 F.3d 628, 644 (9th Cir. 2004) (citations omitted). Relevant evidence includes "a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Stanley*, 633 F.3d at 860

4

(citations omitted). While the Supreme Court has never spoken on what evidence is required for a competency hearing after a prior determination on competence to stand trial, our case law is "persuasive" when evaluating whether a state court "unreasonabl[y] appli[ed]" Supreme Court precedent. *Davis*, 384 at 638 (citation omitted). We have previously declared a competency hearing is necessary after a prior determination on competence when the evidence before the trial court constitutes "substantial evidence" that "would have raised a bona fide doubt in a reasonable trial judge that [the defendant] was no longer able to 'consult with his lawyer with a reasonable degree of rational understanding.'" *Maxwell v. Roe*, 606 F.3d 561, 576 (9th Cir. 2010) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

After Piggee's competency was restored in July 2012, Piggee made several sophisticated legal motions. And while Piggee behaved oddly, the trial judge attributed Piggee's behavior to tactics designed to manipulate the court. Although Piggee's counsel raised a doubt as to Piggee's competence on September 3, 2014, based on his apparent inability to communicate with counsel, the trial judge concluded that nothing had changed in Piggee's behavior, and that he was just putting on a "show." And notwithstanding the September 15 report of Dr. Sara Hough, who opined that Piggee was incompetent and not fully compliant with his psychotropic medication regime, we cannot say that the evidence before the trial

5

court raised a bona fide doubt as to Piggee's competence "beyond any possibility for fairminded disagreement." *See Shinn v. Kayer*, 592 U.S. 111, 118 (2020). The California Court of Appeal reviewed the record and agreed that record supported the trial court's determination that "substantial evidence" to doubt Piggee's competency did not exist. Also weighing in favor of the California Court of Appeal's determination is that the trial judge subsequently received a report from Dr. Phani Tumu that was consistent with the trial judge's interpretation of Piggee's behavior. Dr. Tumu concluded not only that Piggee was competent but also that Piggee was exaggerating his symptoms. Although reasonable minds may differ as to whether the evidence before the trial court amounted to substantial evidence giving rise to a bona fide doubt as to Piggee's competency, we "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015) (alteration in original). So the district court properly concluded that the denial of Piggee's claim was not unreasonable under 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**