**Bernie MOORE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1190.**

United States Court of Appeals, Ninth Circuit.

July 20, 1972.

As Modified Aug. 18, 1972.

**664**

Bernie Moore, in pro per.

William D. Keller, U. S. Atty., Earl E. Boyd, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before BROWNING, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Moore appeals from a district court order dismissing his application for section 2255 relief. Moore claimed that his 1968 guilty plea to a violation of 18 U. S.C. § 2113(a) should be set aside because he was mentally incompetent when his plea was taken.

The district court dismissed the application for two reasons: (1) Moore waived his claim for relief on the ground here asserted because he had not

presented the claim on an earlier section 2255 petition; and (2) Moore's "mental competence was the subject of psychiatric investigation, a hearing, and judicial determination before his plea was made and accepted," and the issue is thus foreclosed.

██ Denial of a prior application for section 2255 relief does not foreclose a subsequent petition for the same relief on a ground not earlier presented, unless that failure to assert the claim was an abuse of the section 2255 process: "[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground." (Sanders v. United States (1963) 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148.) There is nothing in this record to support a conclusion that Moore deliberately withheld his mental incompetency claim when he filed his first petition.

On this record the second ground for dismissing the application cannot be sustained.

When Moore was initially arraigned on December 11, 1967, his appointed counsel moved for a psychiatric examination under 18 U.S.C. § 4244. The motion was granted, and Moore was examined on December 30, 1967. On January 8, 1968, Moore returned to court and was rearraigned. The psychiatrist's report was received in evidence. Although Moore's lawyer did not object to the admission of the report, he observed: "I think, your Honor, we should have a discussion of the report made by the psychiatrist. . . . Considering the report at page 3, it does not seem to be very consistent with the finding of the doctor of an individual who does . . . not seem to be a person who has the mental ability to aid in his own defense, and things of that nature. I

have to be critical of the doctor's findings, they just do not seem consistent." The examining psychiatrist was not called to testify; there is no indication that he was even present. No testimony of any kind was offered. The court forthwith found that Moore was competent to stand trial.[1] Moore thereafter entered a not guilty plea.

The psychiatrist's report reveals an extensive history of mental illness, including hospitalizations for psychiatric disorders and repeated suicide attempts. During his stay at the Federal Medical Center, he was "kept in isolation and developed visual hallucinations." In describing Moore's mental condition at the time of the examination, the psychiatrist said: "Abnormal mental trends were manifested by self-destruction, mutilating behavior which occurs under stressful conditions. . . . He panics and has engaged in dangerous behavior to himself such as running before gunfire and swallowing razor blades in an attempt to get into a more protective situation. His mood swings are wide and rapid from deep depression and to euphoria in a brief period. . . . His main problem is in sexual identity with fear of both men and women and this leads to panic. He will continue to act out both in custodial and psychiatric hospital placements. He feels that he has nothing to lose and therefore engages in impulsive acting out and controls the environment through his self-destructive acts."

The psychiatrist's diagnosis was that Moore's "competency will be subject to periods of impaired judgment during his panic reactions," that he has "deep-seated emotional problems of long duration," and "the prognosis is poor." He nevertheless concluded that "Moore is presently sane and presently able to understand the proceedings taken against him and to properly assist in his own defense." The psychiatrist did not undertake to offer any explanation for his ultimate conclusion.

---

1. The finding was made by a judge other than the trial judge.

On February 6, 1968, there was filed with the district court records of the Federal Bureau of Prisons containing lengthy psychiatric reports about Moore. The records describe his repeated suicide attempts, his hospitalizations for acute mental illness, his hallucinatory episodes, and his psychiatric therapy.

■ Under the rule of Pate v. Robinson (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, a due process evidentiary hearing is constitutionally compelled at any time that there is "substantial evidence" that the defendant may be mentally incompetent to stand trial. "Substantial evidence" is a term of art. "Evidence" encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is "substantial" if it raises a reasonable doubt about the defendant's competency to stand trial. Once there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence. The function of the trial court in applying *Pate's* substantial evidence test is not to determine the ultimate issue: Is the defendant competent to stand trial? It sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency. At any time that such evidence appears, the trial court *sua sponte* must order an evidentiary hearing on the competency issue. It is only after the evidentiary hearing, applying the usual rules appropriate to trial, that the court decides the issue of competency of the defendant to stand trial.

■ Moore has never had an evidentiary hearing on the issue of his competency to stand trial.[2] The trial court's "failure to make such inquiry thus deprived [Moore] of his constitutional right to a fair trial" (Pate v. Robinson, *supra,* 383 U.S. at 385, 86 S.Ct. at 842), unless we can say that there was before the trial court no substantial evidence casting doubt upon his competency at any time before he was sentenced. The record forbids that conclusion.

We need not decide whether the psychiatric report of December 30, 1967, standing alone, constituted substantial evidence that Moore was incompetent to stand trial. It did not stand alone. By the time Moore's guilty plea was taken, the reports from the Federal Bureau of Prisons were in his file. Those reports, together with the report of December 30, 1967, constituted substantial evidence casting a reasonable doubt upon Moore's competency to stand trial as a matter of law.

The face of the record before the trial court at the time Moore's plea was taken revealed facts that compelled a *Pate* evidentiary hearing. The record before us shows that no hearing was ordered. The due process violation is thus shown without resort to any facts dehors the record. It is therefore unnecessary for us to remand the case for an evidentiary hearing to decide the merits of Moore's due process claim.[3] Even if it were possible to eradicate nunc pro tunc the due process deprivation, the present conduct of an evidentiary hearing to determine whether Moore was competent to stand

---

2. The case is thus different from Hanson v. United States (9th Cir. 1969) 406 F.2d 199, cited by the Government, in which the defendant had a full evidentiary hearing upon the issue of his competence before he was finally sentenced.

3. The case is unlike Brewster v. United States (9th Cir. 1971) 437 F.2d 917. *Brewster* is not a *Pate* case. No facts appeared on the face of the record at the time Brewster's plea was taken that raised any substantial doubt about his competency. Brewster alleged facts in his petition collaterally attacking his plea which, if true, would raise an issue about his competency at the time of his plea. An evidentiary hearing was therefore necessary to enable a determination of the truth of his averments. Stone v. United States (9th Cir. 1966) 358 F.2d 503 (note particularly 358 at 506 n. 3) is similar to *Brewster*, not to *Moore*.

trial years ago is not a profitable exercise for reasons expressed in *Pate*.

The order dismissing Moore's section 2255 application is reversed, and the cause is remanded to the district court with directions to vacate the conviction, to vacate the guilty plea, and to rearraign Moore.