**Donald Jackson ESKEW, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. F–165–Civ. Misc.**

United States District Court, E. D. California.

June 25, 1974.

Stephen S. Carlton, Fresno, Cal., for petitioner.

Anthony P. Capozzi, Asst. U. S. Atty., Fresno, Cal., for respondent.

## JUDGMENT

CROCKER, District Judge.

Petitioner filed an in forma pauperis motion under 28 U.S.C. § 2255 seeking to set aside his 1970 conviction for violating 18 U.S.C. § 2113(a)—bank robber. Petitioner alleges that he was mentally incompetent at the time of his trial. This Court, without holding a hearing, concluded that petitioner was competent to stand trial.

On appeal the Circuit Court held that "the record does raise a reasonable doubt as to appellant's competency to stand trial and is therefore substantial evidence. Moore v. United States, 464 F.2d 663 (9th Cir. 1972)." Petitioner's motion was remanded for an evidentiary hearing.

Counsel was appointed by the Court to assist petitioner in preparing for the hearing. Also, pursuant to 18 U.S.C. § 3006A, a psychiatrist was appointed to further aid petitioner.

At the evidentiary hearing which was held on May 30, 1974 the Government presented the testimony of Victor G. Haddox, M.D., a psychiatrist. Dr. Haddox was Chief Psychiatrist for the Federal Bureau of Prisons at Terminal Island where petitioner was committed for observation and evaluation under 18 U. S.C. § 4208(b). Dr. Haddox was requested to determine petitioner's mental capacity at the time of the offense and at the time of his trial.

The delay in evaluation was caused by petitioner's disappearance during the course of his trial and his subsequent flight to avoid incarceration.

Dr. Haddox was eminently qualified to perform the psychiatric evaluation and to testify as to petitioner's competency to stand trial. He has authorized two publications specifically focusing on the issue of mental competency to stand trial.[1]

The historical record and clinical interviews indicated that petitioner was experiencing a psychiatric disturbance. Dr. Haddox, applying the test set forth in the Supreme Court case of Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), directed his testimony at explaining the possible effects of such mental impairment upon petitioner's mental competency to stand trial.

In *Dusky, supra,* the Supreme Court said that a defendant is considered competent to stand trial if he " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' "

Dr. Haddox testified that even if petitioner was experiencing a delusion it was not present to such a significant extent that it interfered with petitioner's ability to cooperate with counsel. No evidence was submitted at the hearing that the delusion extended to the Court or the trial process. Petitioner made

---

1. Haddox, Pollack, Psychopharmaceutical Restoration to Present Sanity (Mental Competency to Stand Trial), 17 J. Forensic Sciences 568 (1972); Haddox, Gross, Pollack, Mental Competency to Stand Trial While Under the Influence of Drugs, 7 Loyola L. Review 3, in press (1974).

various allegations regarding the conduct of his attorney. But since he documented his statements with letters and newspaper articles, Dr. Haddox concluded that the accusations were not delusional.

Dr. Haddox concluded that petitioner possessed the mental capacity to rationally and factually understand the nature of the proceedings against him; to understand the significance of his involvement with the criminal-justice system; and possessed the mental capacity to rationally cooperate with his attorney in his defense. In fact, Dr. Haddox concluded that petitioner possessed these capacities to a much greater degree than the average defendant.

The Court concurs in these findings. Petitioner was alert and attentive throughout the proceedings and frequently consulted with his attorney. He appeared to be actively assisting his counsel during the trial. Petitioner's statements to the Court were articulate and cogent.

One of the issues raised at the hearing was that petitioner was under the influence of mind altering drugs at the time of the evaluation by Dr. Haddox. It was argued that the prescribed medication so psychologically altered his state of mind that an inaccurate appraisal resulted.

Petitioner's medical records were reviewed by Dr. Haddox at the time of the psychiatric evaluation. Thus, at the time of the interview, Dr. Haddox was aware of and considered the possible effects of such medication.

It is the finding of this Court that the Government has sustained its burden of demonstrating that petitioner was competent to stand trial.

It is therefore ordered that the petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 be, and the same is hereby, denied.

---

* Judges Murrah and Becker were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.