William A. GREENFIELD,
Petitioner-Appellant,

v.

J. P. GUNN, Warden,
Respondent-Appellee.

No. 75–3703.

United States Court of Appeals,
Ninth Circuit.

June 9, 1977.

Patricia V. Trumbull, Asst. Public Defender, San Francisco, Cal., argued, for petitioner-appellant.

Herbert F. Wilkinson, Deputy Atty. Gen., San Francisco, Cal., argued, for respondent-appellee.

Before CHAMBERS, HUFSTEDLER, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

After a jury trial in California superior court, William Greenfield was convicted of assault with a deadly weapon, a violation of Cal. Penal Code § 245(a) (West 1970). The state appellate court affirmed. After unsuccessfully attempting to obtain collateral relief in the state courts, Greenfield petitioned for federal habeas corpus. Following an evidentiary hearing, the district court rejected the petition and denied the writ. We affirm.

Greenfield first argues that he was denied a hearing to determine his competency to stand trial. We interpret Greenfield's claim as alleging that the competency proceedings conducted in the state court prior to trial denied him due process. At Greenfield's arraignment on the assault charge, defense counsel reminded the presiding judge, Judge Calcagno, that he had ruled on Greenfield's competency to stand trial one month earlier. The previous charge, for an alleged drug offense, had been dismissed, but two psychiatrists had first examined Greenfield. Judge Calcagno had ruled that Greenfield was competent to stand trial. On being advised of the earlier question about Greenfield's competency, the court granted the defense motion pursuant to Cal. Penal Code § 1368 (West 1970) that Greenfield be examined again. The court appointed two psychiatrists who were not familiar with Greenfield's history.

When the psychiatric reports were filed, defense counsel met with Greenfield and suggested that he submit to further examination in view of a difference of opinion between the two new reports. One report concluded that Greenfield was legally sane, that he was able to comprehend the nature and consequences of the crime with which he was charged, and that he was able to cooperate with an attorney. The second stated that the defendant was well aware of the charges against him and that he could adequately explain what occurred at the arraignment. The second psychiatrist noted, however, that Greenfield's ability to cooperate with counsel was "somewhat impaired," since his desire was to go back to jail, where he felt safe and secure. Greenfield rejected the suggestion that he be examined further and urged counsel to "get on with the proceedings" without any further inquiry or delay.

Greenfield's competency hearing before Judge Calcagno in the assault case was attended both by Greenfield and his counsel. The defense submitted the matter to

the judge on the written psychiatric reports. The court determined that Greenfield was competent to stand trial.

■ Where there is a genuine doubt as to a defendant's competency to stand trial, the due process clause requires that a trial court conduct a hearing on that defendant's present sanity. *De Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc). *See also Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Bassett v. McCarthy*, 549 F.2d 616 (9th Cir. 1977); *Sailer v. Gunn*, 548 F.2d 271 (9th Cir. 1977). A hearing was held in this case.[1] Greenfield's apparent contention is that the hearing was inadequate under the due process clause. We cannot agree. Greenfield had the protection of an adversary proceeding. *Eskridge v. United States*, 443 F.2d 440, 442 (10th Cir. 1971). *See also United States v. Harlan*, 480 F.2d 515 (6th Cir. 1973). Greenfield was present at the competency hearing, was represented by counsel, and had an opportunity to present evidence. There is no showing that the representation Greenfield received during the competency proceedings was in any way inadequate. *Cf. Andrews v. United States*, 403 F.2d 341 (9th Cir. 1968).

There may be some instances where the factual recitations in psychiatric reports introduced as evidence in a competency hearing raise unanswered questions about a defendant's competency that impose a duty on counsel to assist the court in reaching its determination "either by examination of [the psychiatrists who prepared the reports] or by offering proof of independent facts and opinion." *Andrews v. United States*, 403 F.2d at 344. But in the instant case we cannot say that the evidence before the trial judge was "wholly inadequate for a proper determination of [Greenfield's competency]." *Id.*

The evidence against Greenfield resulting in his conviction was that without provocation he had attacked two passersby on a San Francisco street, stabbing one of the victims with a pocket knife. The victims identified and pursued Greenfield before the police arrived, and Greenfield was arrested at the scene of the crime. The defendant claimed that one victim also identified him at an emergency hospital immediately after the defendant's arrest. Against this background, petitioner contends that he was denied effective assistance at trial.

Greenfield first claims that his attorney failed to explore the possibility of an unconsciousness defense. During the district court's evidentiary hearing on this claim, petitioner's counsel at the state trial, an attorney with the San Francisco Public Defender's office, testified that he had no independent recollection of petitioner's case.[2] Referring to files of the public defender's office relating to petitioner, the attorney explained his handling of the case by stating that, under the circumstances, the absence of a weapon was the only potentially successful defense. The attorney testified that an unconsciousness defense, which is virtually never effective, would have been particularly ill-suited to Greenfield's case because the defendant had remembered the events leading up to the charge and had recounted these events both to the two court-appointed psychiatrists and to his first attorney from the public defender's office. Relying on this testimony, the district court concluded: "Given that petitioner had recounted the facts of the incident to several people, it appears an attorney could very reasonably determine that no viable defense based on unconsciousness could be relied upon. Indeed, petitioner testified about the events that led up to his arrest in the evidentiary hearing held by this court; he still does not appear to claim that he was [unconscious] at the time."

---

1. The case is thus different from *Moore v. United States*, 464 F.2d 663 (9th Cir. 1973), where the petitioner had never been granted an evidentiary hearing as to competency to stand trial.

2. The evidentiary hearing in the district court was conducted more than three years after the proceedings in the state court.

Similarly, there were adequate grounds for defense counsel's decision not to advance an insanity defense. Shortly before Greenfield's arrest on the charge of assault with a deadly weapon, the San Francisco Public Defender had represented him in the earlier unrelated criminal case in which he had been examined as to his competency to stand trial. At the hearing before the district court, the attorney testified that, according to standard practice, the reports of the two psychiatrists prepared in the earlier proceeding would have been included for review in the defendant's new file. He further stated that, as a practical matter, the four psychiatrists who examined petitioner would have indicated that an insanity defense was available if they had believed that it was, even though technically their inquiry under section 1368 goes only to competency to stand trial. Since the psychiatrists did not so indicate, the attorney stated that he must have concluded that no viable insanity defense was available. The attorney further testified that Cal. Penal Code § 245(a), under which petitioner was prosecuted, is a general intent crime and that simple diminished capacity is not a defense. In view of this testimony, the district court held: "[C]ounsel's decision not to go forward on the defense of insanity was based on his reasonable assessment of the prospects of success with that defense. Given the impact an insanity defense would have on the defense he wanted to present based on the absence of a weapon, counsel may very well have made the only reasonable choice, as he contended during the hearing."

■ We cannot say that on the record before us the district court clearly erred in ruling that petitioner had failed to demonstrate that he was denied his constitutional right to effective assistance of counsel. This court has identified three alternate standards by which to review the performance of counsel:

(1) whether counsel's performance was "so poor and incompetent as to make the trial a farce or mockery of justice"; (2) "whether the circumstances show a denial of fundamental fairness"; and (3) whether there was a "lack of effective aid in the preparation and trial of the case—lack of counsel likely to render and rendering reasonably effective assistance." *United States v. Lemon*, 550 F.2d 467 (9th Cir., 1977), *citing De Kaplany v. Enomoto*, 540 F.2d at 987. Under none of these standards was petitioner deprived of effective assistance of counsel.

■ It is important to note, however, that during various stages of the proceedings leading up to his conviction, petitioner was represented by different attorneys from the public defender's office. This type of horizontal representation may at times be an inevitable result of workload and budget constraints imposed on a public defender's office. But unless each attorney scrupulously acts to insure that all who participate in the case are informed of every aspect of that attorney's representation, there is some danger that the defendant may be deprived of effective legal assistance. It is good practice for each attorney who participates in a case to record all material information that he has received pertaining to the case, including relevant evidence that has come to his attention, legal arguments or defenses that he has considered—even those he has rejected—, and reasons behind any tactical decision he has made in the course of the proceedings. In this case there is sufficient evidence in the record indicating that the procedures of the public defender's office were not so defective as to deprive petitioner either of due process or of his sixth amendment right to effective assistance of counsel.

■ Petitioner finally alleges that a pretrial identification by one of the victims was impermissible. The claim is without substance. The victims identified petitioner at the scene of the crime before the police even arrived. The court correctly ruled that these precustodial encounters did not provide grounds for a challenge to the identification procedures used in petitioner's case. *Cf. Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Even if there were some truth to petitioner's

allegations—to which the district court apparently gave no credence—that a later show-up took place in an emergency hospital, that confrontation would not have been one which would have created a substantial likelihood of irreparable misidentification. *See Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Petitioner had already been identified by his victims at the scene of the arrest, within moments of the assault.

AFFIRMED.