**Ruben Portillo CHAVEZ,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellant.**

No. 78–3513.

United States Court of Appeals,
Ninth Circuit.

Submitted March 20, 1980.
Decided March 16, 1981.

Ira P. Robbins, Professor of Law and Director, Kansas Defender Project, University of Kansas, School of Law, Hal D. Meltzer, Student Director, Lawrence, Kan., for petitioner-appellant.

Sanford Svetcov, Asst. U. S. Atty., San Francisco, Cal., for respondent-appellant.

Before BROWNING, Chief Judge, and KENNEDY and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

Appellant Ruben Portillo Chavez pleaded guilty to three counts of bank robbery. He moved the district court to vacate his sentence and plea pursuant to 28 U.S.C. § 2255. The district court denied the motion. Chavez appeals. Because due process required the trial court to hold a hearing on Chavez's competence to plead guilty, we reverse and remand.

## FACTS AND PROCEEDINGS BELOW

On May 19, 1976 Chavez was indicted by a federal grand jury on three counts of bank robbery. 18 U.S.C. § 2113(a). On the same day he was arraigned and pleaded not guilty.

On May 27, 1976 Chavez appeared with his appointed counsel before the trial judge and expressed his desire to represent himself and to plead guilty in an emotional outburst that resulted in his being removed from the courtroom. The court appointed another lawyer to counsel Chavez. On June 3 the court granted a motion made pursuant to 18 U.S.C. § 4244. Chavez was ordered committed to the correctional facility at Terminal Island for a ninety day study concerning his competence to stand trial or plead guilty. The June 3 order was expanded on June 14 to include an inquiry into Chavez's "mental competency and criminal responsibility . . . at the time of the alleged commission of crimes. . . ."

On August 23, 1976 the warden at Terminal Island sent the court a copy of the report prepared by Dr. Meyer, following the section 4244 examination.

On September 16, 1976 the trial court granted defense counsel's motion, pursuant to 18 U.S.C. § 3006A(e), for appointment of a psychiatrist to assist in pre-trial and trial preparation. The competency hearing originally scheduled for September 23 was vacated and continued to September 30.

On September 18, 1976 Dr. Levy, the independent psychiatrist appointed to assist the defense, issued a report of his findings. The report indicated that additional records concerning Chavez probably existed from earlier psychiatric treatment. Dr. Levy said his opinion about Chavez's criminal responsibility might be changed if he could see the earlier records. (He tentatively concluded that Chavez was not insane at the time of the crimes.) The defense requested a further continuation of the competency hearing and plea. On September 27 the district court continued the hearing until October 7.

On September 30, 1976 Chavez met with his counsel. Chavez told his attorney he wished to plead guilty. He apparently also dismissed his attorney at that time. On October 1 the attorney advised Chavez by letter of the possible consequences of a guilty plea. He wrote that he believed it unwise for Chavez to plead guilty or take any further action until the old psychiatric reports could be obtained for Dr. Levy's evaluation.

On October 7, 1976 Chavez appeared with counsel and pleaded guilty to the three count indictment. On October 20 he was sentenced to ten years imprisonment. On December 13, 1976 Chavez wrote to the court requesting modification of his sentence. The motion was denied on January 11, 1977.

Chavez filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on March 13, 1978. The motion was based on the trial court's failure to order, on its own motion, a hearing on Chavez's competency to plead guilty. As a related ground, Chavez asserted that his attorney's failure to request such a hearing deprived him of the effective assistance of counsel.

## DISCUSSION

I. Introduction.

Due process requires a trial court to hold a hearing, *sua sponte*, on a defendant's competence to plead guilty whenever the trial judge entertains or reasonably

should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of the plea, or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. *Sailer v. Gunn*, 548 F.2d 271, 275 (9th Cir. 1977). On review, our inquiry is not whether the trial court could have found the defendant either competent or incompetent, nor whether we would find the defendant incompetent if we were deciding the matter *de novo*. We review the record to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence. *Bassett v. McCarthy*, 549 F.2d 616, 621 (9th Cir.), *cert. denied*, 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977).[1]

## II. The Section 4244 Examination.

■ We note at the outset that the existence of a genuine doubt about a defendant's competence is not what determines whether the court must order an examination pursuant to 18 U.S.C. § 4244.[2] A defendant's first motion for a psychiatric examination under section 4244 may not be denied unless the court correctly determines that the motion is frivolous or not made in good faith. *United States v. Ives*, 574 F.2d 1002 (9th Cir. 1978), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980) (*Ives III*); *United States v. Bodey*, 547 F.2d 1383 (9th Cir.), *cert. denied*, 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 249 (1977); *Meador v. United States*, 332 F.2d 935 (9th Cir. 1964). The court need not have reasonable grounds for believing the defendant incompetent. To the contrary, a trial court is not to make such an evaluation. *Meador, supra*, at 938. Once the motion is made, the trial court should defer making an evaluation of competency until after the examination has taken place.

---

1. We believe that the terms "sufficient doubt," *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), "bona fide doubt," *id.; Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Sailer v. Gunn, supra*, 548 F.2d 271; *Tillery v. Eyman*, 492 F.2d 1056 (9th Cir. 1974), "good faith doubt," *Darrow v. Gunn*, 594 F.2d 767 (9th Cir.), *cert. denied*, 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *Sailer, supra; de Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977); "genuine doubt," *United States v. Clark*, 617 F.2d 180 (9th Cir. 1980); *United States v. Mills*, 597 F.2d 693 (9th Cir. 1979); *Greenfield v. Gunn*, 556 F.2d 935 (9th Cir. 1977); *Bassett v. McCarthy, supra*, 549 F.2d 616, "reasonable doubt" (or "reasonable grounds"), *Drope, supra; Clark, supra; Moore v. United States*, 464 F.2d 663 (9th Cir. 1972), and "substantial question," *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973), all describe the same constitutional standard.

2. 18 U.S.C. § 4244 provides:
   "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

■ By the terms of the statute, a hearing is required "[i]f the report of the psychiatrist indicates a state of present insanity or ... mental incompetency in the accused." A hearing is not required, on the basis of the section 4244 motion alone, if the psychiatrist's report does not indicate present incompetence. *United States v. Winn*, 577 F.2d 86, 92 (9th Cir. 1978) (dictum). A judicial determination of competence or incompetence is required after the mandatory psychiatric examination, regardless of the content of the report. *Clark, supra*, at 184 n.5; *Ives III, supra*, 574 F.2d at 1005 n.3.

We recognize that the trial court expanded the psychiatric examination to encompass the question of Chavez's competence to plead guilty under its inherent power and not under the authority of section 4244. *United States v. Malcolm*, 475 F.2d 420 (9th Cir. 1973). Nevertheless, the trial court's focus is the same in determining the need for a hearing. If *all* the evidence should raise a reasonable doubt about the defendant's competence, a hearing is required for due process reasons. This is true even if the psychiatrist's report "indicates" sanity or competence and thus would not require a hearing under the statute.

The problem that confronts us is unlike the usual section 4244 case. *Ives, Bodey, Cook, infra*, and *Meador* all involved denial of motions for competency examinations. Here, the examination was ordered and conducted, but Chavez's guilty plea cut off the proceedings before a hearing was held or a judicial determination of competence was made.[3]

■ After the first (mandatory) section 4244 examination and determination, it is in the district court's discretion to grant or deny subsequent motions for psychiatric examination. *United States v. Cook*, 418 F.2d 321 (9th Cir. 1969). The trial judge must determine if there is sufficient doubt about the defendant's competence to make further inquiry necessary to afford the defendant due process. *Clark, supra*, at 185; *Ives III, supra*, 574 F.2d at 1005. While the trial court must consider all available evidence in making this determination, we are limited to review for an abuse of discretion. *Id.* But see *Caplan, supra*, 633 F.2d at 539.

It is difficult to tell from the record before us whether there was ever a judicial determination of Chavez's competence. The October 7 proceedings at which he changed his plea were denominated "competency proceedings" in the district court docket. In his order denying Chavez's section 2255 motion, the district judged noted that at the October 7 hearing the court "observed the petitioner was competent, based on the manner in which he answered the court's questions, the representations of [Chavez's counsel] that petitioner had been competent and able to cooperate with counsel, and on the report of Dr. Meyer, the psychiatric consultant who examined petitioner pursuant to Section 4244."

Since this observation is not recorded elsewhere in the record, we conclude that it was not a judicial determination of competence based on an evidentiary hearing. We interpret the statement as a finding by the district judge, at the time of the section 2255 motion, that there was not evidence

---

3. The argument raised by Chavez is also unlike that raised by the appellants in *Clark, supra*, 617 F.2d 180; *United States v. Caplan*, 633 F.2d 534 (9th Cir. 1980); or *Spikes v. United States*, 633 F.2d 144 (9th Cir. 1980). The defendants in both *Clark* and *Caplan* (like *Ives*) had been found incompetent pursuant to a section 4244 examination and hearing. They were committed and later released when the committing institutions concluded they were competent. The issue raised in both appeals was whether the previous finding of incompetence, without other factual indications of present incompetence, was sufficient to require the trial court,

*sua sponte*, to order a further hearing on the subject. The answer in both cases was that a hearing was not required.

In *Spikes* there was never a finding of incompetence. The only psychiatric evidence was that the defendant was competent to stand trial. The issue was whether brain surgery, performed before the psychiatric examinations, without any factual indications of present incompetence, was sufficient to require the trial court, *sua sponte*, to order an examination and hearing on the separate issue of competence to plead guilty. The answer given was no.

raising a good faith doubt about Chavez's competence at the time of the guilty plea. *Cf. Spikes, supra* (record of rule 11 proceeding indicated implicit finding of competence to plead guilty).[4]

When the trial court has made a competency determination, we apply the clearly erroneous standard in reviewing it. *United States v. Glover*, 596 F.2d 857 (9th Cir.), *cert. denied*, 444 U.S. 860, 100 S.Ct. 124, 62 L.Ed.2d 81 (1979). When there has never been a psychiatric evaluation and judicial determination of competence in the proceeding, our review is comprehensive. *Darrow v. Gunn, supra*, 594 F.2d at 771; *Ives III, supra*, 574 F.2d at 1005 n.3; *de Kaplany v. Enomoto, supra*, 540 F.2d at 983.

III. Substantial Evidence and Due Process.

As has been noted (see page 3, Introduction and related text), a hearing is required on a defendant's competency to plead guilty whenever the trial judge entertains or reasonably should entertain a good faith doubt as to that defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. Such doubt should arise when there is "substantial evidence" of incompetence. In applying this rule two concepts are involved: evidence and competence. We first discuss the meaning of "substantial evidence", then we analyze the meaning of "competence" and the standard used to measure it.

Substantial evidence of incompetence is evidence that raises a substantial doubt about a defendant's competence. The "substantiality" has nothing to do with the level of competence involved. The degree of the incompetence is important, however, for reasons discussed below.

" 'Substantial evidence' is a term of art. 'Evidence' encompasses all information

properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial."

*de Kaplany, supra*, 540 F.2d at 980–81 (quoting from *Moore v. United States, supra*, 464 F.2d at 666).

Each particular bit of evidence is not to be viewed in isolation. *de Kaplany, supra*, 540 F.2d at 983. One item of evidence, such as a psychiatric report, might be so probative of incompetence that its presence alone requires a hearing. On the other hand, evidence of possible present incompetence, such as a history of psychiatric problems in the remote past, may be so overshadowed by other evidence of present competence that it does not demand further investigation at an evidentiary hearing. *Caplan, supra*. (But that evidence cannot be ignored in favor of evidence of competence. *Drope v. Missouri, supra*, 420 U.S. at 175, 95 S.Ct. at 905.) The trial judge must evaluate *all* of the evidence in determining whether or not there is substantial doubt.

We repeat, however, that this is not a preliminary determination of competence. The distinction lies primarily in the absence of credibility determinations at the "substantial doubt" stage. The trial court must accept as true all evidence of possible incompetence in deciding whether the evidence is substantial. It may find such evidence not credible only after the actual, adversary competency hearing. At both stages it evaluates the probative value of each piece of evidence in light of the others.

For example, a current psychiatric report might amount to substantial evidence of incompetence and thus raise a good faith doubt that cannot be dispelled by resort to conflicting current evidence of competence

---

4. We cannot discover an implicit finding of competence at the time of the guilty plea. The record of that proceeding is not before us. Furthermore, the district court's docket shows that the transcript of the October 7, 1976 guilty plea proceeding was not filed until October 16, 1978. This supports our conclusion that on August 30, 1978 the district judge was not alluding to an implicit finding of competence made on October 7, 1976.

without a hearing. *Moore v. United States, supra.* On the other hand, an old psychiatric report indicating incompetence in the past may lose its probative value by the passage of time and subsequent facts and circumstances that all point to present competence. *See Caplan, supra.* In the latter situation truly conflicting evidence does not exist because different time frames are involved. A third situation is one in which there is psychiatric evidence of past incompetence and more recent evidence indicating that such incompetence may have recurred. *See Drope v. Missouri, supra,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; and *Pate v. Robinson, supra,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The facts of this case bring it into the third category.

IV. Nature of Incompetence.

While the substantial evidence test remains the same at all stages of a criminal proceeding, the kind or degree of incompetence to which the trial court must be alert changes. *See Drope v. Missouri, supra,* 420 U.S. at 176, 95 S.Ct. at 906. Trial courts must assess a defendant's competence with specific reference to the gravity of the decisions the defendant faces. *de Kaplany, supra,* 540 F.2d at 985. The test for competence is thus traditionally stated in different terms depending upon the decisions and consequences presented to the defendant by the particular proceeding. It might be constitutionally fair to require a marginally competent defendant to make certain kinds of decisions, but not others.

■ To be competent to stand trial, a criminal defendant must have sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings. *Drope, supra,* 420 U.S. at 172, 95 S.Ct. at 904; *Pate v. Robinson, supra,* 383 U.S. at 387, 86 S.Ct. at 843; *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *United States v. Mills, supra,* 597 F.2d at 699.

■ To waive a constitutional right, a defendant must have that degree of competence required to make decisions of very serious import. A defendant is not competent to waive constitutional rights if mental illness has substantially impaired his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver. *United States v. Moore,* 599 F.2d 310 (9th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980); *Sailer v. Gunn, supra,* 548 F.2d at 275; *Sieling v. Eyman, supra,* 478 F.2d at 214–15.

■ When nontrial proceedings not involving the waiver of constitutional rights are at issue (e. g., sentencing or probation revocation proceedings), the test is whether the defendant is able to understand the nature of the proceedings and participate intelligently to the extent participation is called for. *Sailer v. Gunn, supra,* 548 F.2d at 274.

■ A guilty plea involves the waiver of several constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Therefore, competence to plead guilty is measured by the "reasoned choice" standard. *Sieling, supra,* at 214.

We recently acknowledged the difficulty posed for the trial court, and for us, when a determination of a defendant's competence to participate in one proceeding "spills over" into another proceeding. *Spikes, supra,* 633 F.2d at 145. For example, if the psychiatric and judicial inquiries are too narrow when the question is competence to stand trial, they may be of no value when the defendant expresses a desire to waive a constitutional right.[5]

---

5. The different levels of competence are related in that a higher level generally includes all lesser ones. Thus a defendant who is competent to plead guilty will normally also be competent to stand trial or participate in non-trial proceedings. A defendant who is competent to stand trial will usually be competent to participate in a non-trial proceeding. The converse is not true. This is where most difficulties arise. A defendant who is competent to stand trial is not necessarily competent to plead guilty. *de Kaplany, supra,* 540 F.2d at 985.

This problem could be solved if, when the trial court ordered a psychiatric examination of competence, it asked for an evaluation of the defendant's ability to understand proceedings of various levels of complexity and to understand and rationally choose between alternative courses of action and their possible consequences. When the range of a defendant's competence has thus been determined, the trial court is free to go forth with all proceedings within that range, without further inquiry, unless subsequent events and the passage of time indicate that the defendant's level of competence has changed since the evaluation. This will require detailed instruction to the psychiatrist conducting the examination, but the result should be useful, time saving, and less confusing than a single purpose examination.

V. The Evidence of Chavez's Incompetence.

The following evidence of Chavez's possible incompetence was before the district court when it accepted Chavez's guilty plea: (1) a history of antisocial behavior and treatment for mental illness, *see Drope v. Missouri, supra,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Pate v. Robinson, supra,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Moore v. United States, supra,* 464 F.2d 663; (2) an emotional outburst in open court, resulting in Chavez's forcible removal from the courtroom, *see Tillery v. Eyman, supra,* 492 F.2d 1056; (3) a previous psychiatric finding of insanity based upon psychoneurosis and the use of drugs (drugs were apparently involved in the bank robberies at issue), *see Drope, Pate* and *Moore v. United States;* (4) two psychiatric reports, neither addressing the issue of competence to plead guilty, one indicating "adequate judgment," the other indicating poor insight and judgment, *see Moore v. United States, supra,* 464 F.2d 663; *compare United States v. Moore, supra,* 599 F.2d 310; (5) emotional outbursts and Chavez's firing of his attorneys in connection with the guilty plea issue; and (6) an inference that Chavez had not even attempted to plea bargain, *compare Darrow v. Gunn, supra,* 594 F.2d 767; *Makal v. Arizona,* 544 F.2d 1030 (9th

Cir. 1976), *cert. denied,* 430 U.S. 936, 97 S.Ct. 1563, 51 L.Ed.2d 782 (1977).

These indicia of incompetence do not, individually or collectively, reach the levels of the evidence in *Pate* or *Drope.* Nevertheless, they should have created a doubt as to Chavez's ability to make a reasoned choice. They were, therefore, sufficient to require an evidentiary hearing on that issue before Chavez's guilty plea was accepted.

VI. The Remedy.

When we find that a defendant was entitled to, but did not receive, a competency hearing, we have two choices: (1) reverse the conviction (or issue the writ), giving the prosecutor leave to retry or rearraign the defendant; or (2) remand to the district court (or state court) for a retrospective determination of the defendant's competence at the time of the guilty plea or trial.

We choose the remedy depending upon whether the circumstances surrounding the case permit a fair retrospective competency determination. *de Kaplany, supra,* 540 F.2d at 986 n.11. A fair retrospective hearing has been found impossible in circumstances involving (1) a long period of time between the original criminal proceeding and the remedial hearing, *Pate, supra,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Drope, supra,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (by implication); (2) the availability of only expert testimony based on the printed record, *Pate, supra;* and (3) the lack of personal observations of the defendant at the relevant time, *Pate, supra. See also Tillery v. Eyman, supra,* 492 F.2d 1056; *Sieling v. Eyman, supra,* 478 F.2d 211; *Moore v. United States, supra,* 464 F.2d 663.

On the other hand, where experts who examined the defendant for the relevant level of competence are still available, with testimony on that issue prepared at the time of the conviction, a fair retrospective competency hearing may be possible. *See de Kaplany, supra; Darrow v. Gunn, supra,* 594 F.2d 767.

The record in this case does not assure us that Chavez could now receive a fair retro-

spective competency hearing. Therefore, we reverse the conviction and remand to the district court with directions to vacate the conviction, vacate the guilty plea, and rearraign Chavez.

REVERSED AND REMANDED.

KENNEDY, Circuit Judge, dissenting:

I cannot agree that the evidence before the district court was sufficient to raise a genuine doubt as to the competence of Chavez to plead guilty. With respect, therefore, I file this brief dissent.

Dr. Meyer, the psychiatrist conducting the examination pursuant to 18 U.S.C. § 4244, described Chavez as "alert" and "oriented" and found "no evidence of delusions or hallucinations ... [or] psychosis." Concluding that Chavez was competent to stand trial, Dr. Meyer reported that Chavez understood the charges against him and was able to cooperate with his counsel.[1]

The second psychiatric report before the district court was the one filed by Dr. Levy, a psychiatrist appointed to assist the defense upon its motion pursuant to 18 U.S.C. § 3006A(e). That report addressed the question of competency to stand trial and competency at the time the offense was committed. It found no mental incapacity in either regard, and confirmed the results of Dr. Meyer's prior examination.

Dr. Levy concluded in part:

The defendant was alert, correctly oriented, cooperative, and appeared to be of at least average intelligence. His affect seemed appropriate to the situation and he showed no indications of a thought disorder. There were no delusions, hallucinations, loosening of associations, or tendencies toward concrete thinking. He seemed to have no impairment of his intellectual functions. He was aware of his serious drug problem; he seemed desirous of receiving help and he appeared to have adequate judgment.

. . . . .

In my opinion the defendant is quite well able to understand the charges and has the capacity to cooperate with counsel in the preparation and presentation of a defense. I conclude therefore that he is currently able to proceed with trial and sentencing.[2]

In judging the defendant competent, moreover, Dr. Levy was aware of Chavez's past treatment for mental illness and had reviewed two 1971 psychiatric reports—one of which found Chavez legally insane at the time of a previous offense due to drug use, the other reaching a contrary conclusion.

The two psychiatric reports, combined with the district court's own observations as to Chavez's participation in the proceedings, made it unnecessary to hold an evidentiary hearing to determine competence to plead guilty, and thus the defendant's due process rights were not denied. *Spikes v. United States*, 633 F.2d 144 (9th Cir. 1980); *Darrow v. Gunn*, 594 F.2d 767, 771 (9th Cir.), *cert. denied*, 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979). The record amply indicates that the district court had no reason to believe that Chavez suffered from a mental illness that substantially impaired his ability to make a reasoned choice among the alternatives presented and to understand the consequences of his plea.

I am puzzled by the majority's reference to the district court's statement—to the effect that Chavez was competent at the rule 11 hearing—as a finding rather than an indication of a judicial determination of competence. *See* Majority opinion, ante at

---

1. The majority states correctly that Dr. Meyer did not specifically address the question of the defendant's competency to enter a guilty plea. The report was addressed, rather, to competency to stand trial. There appears to be growing doubt, however, that the standards for competency to stand trial and competency to plead guilty should be stated in any different terms. *See Bolius v. Wainwright*, 597 F.2d 986, 988 n.3 (5th Cir. 1979). *See generally* Comment, *Competence to Plead Guilty: A New Standard*, 1974 Duke L.J. 149, 168–74.

2. While Dr. Levy did note that further records could lead to an alteration of [his] opinion," the remainder of the report, documented with extensive analytical observations, overwhelmingly indicated a belief in the defendant's competence.

p. 1257. While it is true that the court accepting the guilty plea failed to make an express finding of *Sieling* competence, this court has held specifically that such a failure does not amount to a denial of due process. *Spikes v. United States, supra,* 633 F.2d at 146 n.3. In *Spikes* for example, after reviewing a record of the rule 11 proceeding, the panel ruled that an "implicit" finding of *Sieling* competence had been made. It is anomalous that a similar implicit finding is not made here, where instead of a panel reading a cold transcript, the same judge who accepted the guilty plea ruled at the habeas proceeding that he indeed had found Chavez competent in the prior hearing.[3]

Since the majority prefers to characterize the district court's statement as a finding rather than an implicit indication that a judicial determination of competence had been made their review is not limited by the clearly erroneous standard, but is comprehensive. *See* Majority opinion, ante at p. 1257. In my view, however, under either standard of review it is clear Chavez was competent to plead guilty.

The evidence relied upon by the majority, when explored in greater detail, is not convincing. Chavez's firing of his attorney was a proper exercise of his rights and is not necessarily evidence of incompetency. *Darrow v. Gunn, supra,* 594 F.2d at 771. The most important point in the case is that there had been a psychiatric finding of insanity in 1971, although the finding was accompanied by a contemporaneous psychiatric report reaching a contrary conclusion. In this case, however, the district court had before it current reports which indicated competency. The mere existence of a previous finding of incompetency is not grounds for requiring the trial court to hold a competency hearing, and we have so held even when the determination of incompetency was made in proceedings ancillary to the criminal transaction for which the defendant was being tried. *United States v.*

*Caplan,* 633 F.2d 534 (9th Cir. 1980). Our recent holding in *Steinsvik v. Vinzant,* 640 F.2d 949 (9th Cir. 1981) is to the same effect.

The "history of antisocial behavior" cited by the majority is in fact the defendant's prior criminal record; and it is hardly surprising, at least to me, that an addict, with a record for previous crimes of violence, has "poor insight and judgment." Surely such observations bear little weight in the decision to place a defendant in the class of offenders who are of doubtful mental competence. Chavez has an all too familiar history of drug addiction leading to violent crimes. It is not a history that demands a competency hearing before the district court conducts a rule 11 hearing for the entry of a guilty plea.

---

**3.** Moreover, in *Spikes,* the district court denied the habeas motion on the basis of the standard governing competence to stand trial rather than the standard of *Sieling* competence—an

error not deemed fatal by the *Spikes* court. Here, by contrast, the district court adopted the correct standard, but the majority nevertheless choose to overrule its finding.