**UNITED STATES of America, Plaintiff,**

v.

**Michael Anthony REDING, Defendant.**

**No. CR–R–82–24–ECR.**

United States District Court,
D. Nevada.

Nov. 19, 1982.

---

Donald C. Hill, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Polaha & Connor, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Since August 1, 1982, defendant Michael Anthony Reding has filed four motions to continue trial dates which have been set in this case. These motions are based upon defendant's claim that he is too ill to stand trial.

The latest of defendant's motions for continuance was filed November 17, 1982, and is supported by an affidavit of Dr. Henry D. Hirsch, who is defendant Reding's attending physician. The trial of this case is presently set to commence on November 23, 1982.

It appears to the Court and the Court finds that the present record indicates a continuance of the trial of this action should be granted due to defendant's inability to travel to Reno, Nevada, from Ft. Lauderdale, Florida, and to participate in the trial, because of complications arising from a previous heart bypass operation.

IT IS, THEREFORE, HEREBY ORDERED that the trial of this action is continued so as to commence on December 28, 1982, at 9:30 o'clock a.m. (STACKED CALENDAR). Calendar call will be at 8:30 o'clock a.m. on December 27, 1982. The period of continuance of the trial herein ordered constitutes excludable time under 18 U.S.C. § 3161(h)(4).

IT IS FURTHER ORDERED that the Court, pursuant to its authority under Rule 706 of the Federal Rules of Evidence, hereby appoints Morris Funk, M.D. of Northwest 3rd Court, Ft. Lauderdale, Florida, to examine Mr. Reding. Dr. Funk's telephone numbers are: Area Code 305, 434–0104 and Area Code 305, 584–5752.

Dr. Funk's examination shall encompass, but will not be limited to, a determination of whether or not there would be a serious risk or hazard to the life or health of Mr. Reding if he were required to appear for trial on December 28, 1982, at Reno, Nevada; whether or not Mr. Reding would be able to withstand the stress of participation in a criminal trial at that time and to assist in his own defense without grave risk to his life or health; whether or not his condition would unreasonably affect his attentiveness or his ability to communicate to a degree that he would not be able to consult rationally with his attorney with a reasonable degree of understanding; and whether or not his condition would impair his awareness at trial to the extent that he would not have a rational or factual understanding of the nature of the proceedings against him. *See, United States v. Pastor,* 557 F.2d 930 (2nd Cir.1977); *Chavez v. United States,* 641 F.2d 1253 (9th Cir.1981) (dealing with mental competency).

Dr. Funk shall submit a written report to the Court indicating Mr. Reding's condition and setting forth his findings, according to the legal tests set forth hereinabove, as to whether defendant is able to travel to Reno, Nevada, from Ft. Lauderdale, Florida, and to undergo trial of this action commencing December 28, 1982. If Dr. Funk finds that Mr. Reding will not be able to travel and undergo trial commencing on that date, then Dr. Funk shall indicate when he believes defendant will be able so to travel and undergo trial according to the said legal tests.

Defendant's attorney, with the assistance of the United States Attorney if required, shall make arrangements so that defendant will be made available for an examination by Dr. Funk. It will be the responsibility of defendant's counsel within five calendar days from the date of this order to make such arrangements by contacting Dr. Funk or his office and the examination shall take place within ten calendar days after such contact is made. Such examination, however, shall be made at the earliest time convenient to Dr. Funk.

Within five days from this date defendant's counsel shall cause all necessary arrangements to be made so that Dr. Funk will be able to examine the hospital and

medical records pertaining to defendant at the North Ridge Hospital at Ft. Lauderdale, Florida, and at the offices of the following doctors: Hugh Dennis, Ali R. Ghahramani, Henry Hirsch, and any other doctors who have attended defendant since the time of his arrest and who may be able to provide pertinent information to Dr. Funk respecting the physical condition of defendant.

Dr. Funk shall also provide a copy of his report to counsel for the parties, to wit:

Donald Cavin Hill, Esq.

Assistant U.S. Attorney

300 Booth Street, Rm. 2032

Reno, Nevada, 89509

Telephone: Area Code 702, 784–5438

Alvin E. Entin, Esq.

Attorney for Defendant

2020 Northeast 163rd Street

Suite 300

North Miami Beach, Florida

Telephone: Area Code 305, 944–9100

John L. Conner, Esq.

Attorney for Defendant

310 South Arlington Avenue

Reno, Nevada 89505

Telephone: Area Code 702, 786–5344

IT IS FURTHER ORDERED that Dr. Funk's fee will be shared equally by the Government and defendant Reding.

IT IS FURTHER ORDERED that a copy of this order shall be forthwith provided to Dr. Funk at the address stated above and to counsel.