**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DOUGLAS ENRIQUE LOPEZ-VIVAS, AKA Sergio Ernesto Velasquez-Flores, <br><br> Defendant - Appellant. | No. 14-10306 <br><br> D.C. No. 4:13-cr-01677-JGZ-JR-1 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DOUGLAS ENRIQUE LOPEZ-VIVAS, AKA Sergio Ernesto Velasquez-Flores, <br><br> Defendant - Appellant. | No. 14-10307 <br><br> D.C. No. 4:14-cr-50002-JGZ-JR-1 |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 18, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Douglas Enrique Lopez-Vivas appeals his conviction under 8 U.S.C. § 1326 for illegal reentry, as well as the revocation of his term of supervised release imposed pursuant to a prior illegal reentry conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm his conviction and the revocation of his supervised release.

A district court's failure to sua sponte hold a competency hearing is reviewed for plain error. United States v. Garza, 751 F.3d 1130, 1134 (9th Cir. 2014). We review the district court's admission of prior acts evidence under Federal Rule of Evidence 404(b) for abuse of discretion. United States v. Hardrick, 766 F.3d 1051, 1055 (9th Cir. 2014).

It would be plain error to fail to hold a competency hearing where "the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." United States v. Dreyer, 705 F.3d 951, 961 (9th Cir. 2013) (internal citation and quotation marks

omitted). To raise such a doubt, there must be "substantial evidence that, due to a mental disease or defect, the defendant is either unable to understand the nature and consequences of the proceedings against him *or* to assist properly in his defense." Garza, 751 F.3d at 1134 (internal citation and quotation marks omitted) (emphasis in original). To assess the situation, we look at three categories of evidence: the defendant's medical history, the defendant's behavior in and out of court, and the defense counsel's statements about the defendant's competency. Id.

The district court did not commit plain error in failing to hold a sua sponte competency hearing. There was no medical history evidence of any mental disease or defect. See id. at 1135 ("[A]n appellant who has absolutely no medical history evidence indicating incompetency will almost certainly fail to upset his conviction."); United States v. Neal, 776 F.3d 645, 655-56 (9th Cir. 2015) ("A defendant must present 'strong' medical evidence of a serious mental disease or defect before a genuine doubt about competency will arise.") (citation omitted).

Lopez-Vivas's behavior in and out of court was not so erratic that it would cause a judge to doubt his competency. Id. at 657 ("[C]ompetency will not be questioned when a defendant merely displays rude, uncooperative and sometimes

3

wacky behavior."); cf. Maxwell v. Roe, 606 F.3d 561, 570-71 (9th Cir. 2010) (competency should have been questioned where defendant attempted suicide during trial); Tillery v. Eyman, 492 F.2d 1056, 1057-58 (9th Cir. 1974) (competency should have been questioned where the defendant's outbursts included laughing at the jury and ripping off his clothes during trial, and screaming from his jail cell throughout the night). Though he did not always obey the district judge's instructions when speaking in court, Lopez-Vivas's conduct was not so bizarre as to require a sua sponte competency hearing. Neal, 776 F.3d at 657. Lopez-Vivas evidently believed that receiving enhanced sentences on two prior occasions on account of his assault with a deadly weapon conviction was unfair because he had already served his sentence for the original crime. He also believed that he had been improperly deported on two prior occasions. Accordingly, his decision to forgo a plea offer and his decision to offer unsolicited testimony about his prior conviction for assault with a deadly weapon were not irrational. See United States v. Mendez-Sanchez, 563 F.3d 935, 947-48 (9th Cir. 2009). His actions comported with his not irrational feelings about what was fair, which a jury inclined toward nullification might accept.

Finally, Lopez-Vivas's counsel never expressed any concerns about his competency to stand trial or receive his sentence. He expressly said there were no competency issues with Lopez-Vivas. See Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir. 1991) ("[A] defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."). The district court judge noted Lopez-Vivas got along well with his counsel.

The district court did not abuse its discretion by admitting evidence of Lopez-Vivas's prior convictions for illegal reentry. Lopez-Vivas testified that he mistakenly entered the United States. The Government sought to introduce his prior convictions as evidence of a lack of mistake and to impeach his testimony to the contrary. Thus, the convictions were relevant as something other than propensity evidence and they were admissible under Rule 404(b). Fed. R. Evid. 404(b)(2); see United States v. Verduzco, 373 F.3d 1022, 1029-30 (9th Cir. 2004) (evidence of prior similar convictions was properly admitted as relevant to rebut affirmative defense of duress).

Lopez-Vivas's counsel never challenged the admission of the convictions under Rule 403, and the district court's decision to admit the evidence was neither

an abuse of discretion nor plain error.  See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir. 1990) (noting we review the district court's ruling for plain error where a party fails to preserve a specific evidentiary issue for appeal).  We presume the district court applied the proper Rule 403 balancing, particularly where it had previously weighed admissibility of the same evidence under Rule 609.  See United States v. Cruz-Garcia, 344 F.3d 951, 956 (9th Cir. 2003).  The evidence was not especially prejudicial in the context of this case.  See United States v. Flores-Blanco, 623 F.3d 912, 920 (9th Cir. 2010) (prior acts evidence was not unduly prejudicial where it was probative of the defendant's knowledge and intent, the evidence would not provoke an unfairly emotional response in the jury, and the court gave a limiting instruction).

Because we affirm Lopez-Vivas's conviction for illegal reentry, revocation of his prior term of supervised release was not error.

**AFFIRMED.**